UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSALIE SHERRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17 C 7779 |
| L&P FINANCIAL ADJUSTORS INC., d/b/a LOU HARRIS & CO., | ) Judge Thomas M. Durkin ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rosalie Sherrell alleges defendant L&P Financial Adjustors Inc. d/b/a Lou Harris & Co. ("Lou Harris") violated the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Collection Agency Act ("ICAA") when it sent her a debt collection letter threatening legal action that it did not intend to take. Currently before the Court is Lou Harris's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. 14. For the following reasons, that motion is granted.

## STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an

1

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## BACKGROUND

Sherrell defaulted on a debt owed to Total Rehab, P.C. R. 7 ¶¶ 12-13. The collection of the debt was then handed over to Lou Harris, a debt collection agency. *Id.* at ¶ 14. In August 2017, Lou Harris sent Sherrell a collection letter stating:

> We have been retained by the above named creditor to handle collection of your delinquent account. We are giving you the opportunity to pay this delinquent account, either in person or by return mail.
>
> . . .
>
> Our collectors have been instructed to proceed within state and federal regulations to attempt collection of this debt.
>
> . . .
>
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

2

R. 7-1 at 6.

Sherrell alleges that the letter threatened "a lawsuit or some other further legal action was possible" if she did not pay the debt. R. 7 ¶ 20. She also alleges that this threat was false and that Lou Harris did not intend to sue her over the alleged debt because "neither Total Rehab P.C., nor [Lou Harris] sues consumers in Cook County, Illinois." *Id*. at ¶¶ 21-22. According to the complaint, Lou Harris has not sued Sherrell "or any other consumers in Cook County, Illinois for consumer debts." *Id*. at ¶ 29. Sherrell alleges Lou Harris's conduct caused her "negative emotions . . . including annoyance, aggravation, and other garden variety emotional distress." *Id*. at ¶ 34.

Sherrell alleges Lou Harris's conduct violates § 1692e of the FDCPA (Count I) and 225 ILCS 425/9 of the ICAA (Count II) because the collection letter falsely threatened legal action that Lou Harris did not intend to take. Lou Harris has moved to dismiss both counts for failure to state a claim.

## DISCUSSION

### A. FDCPA (Count I)

In part, the FDCPA intends to prevent "empty threats of litigation as a means of scaring the debtor into payment." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). Sherrell alleges that Lou Harris violated two separate provisions of the FDCPA: Section 1692e(5) and Section 1692e(10). Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); *see also McMahon v. LVNV*

3

*Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). Section 1692e(10) prohibits debt collectors from using any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In analyzing a FDCPA claim, the Court first asks whether the letter poses a "threat to take [legal] action," viewed through the eyes of the unsophisticated consumer. If the answer is yes, the Court then addresses whether the debt collector had the intent or the authority to follow through with the legal action. *Jenkins*, 999 F. Supp. at 1136-1138.

### 1. Unsophisticated Consumer Standard

Lou Harris first argues that an unsophisticated consumer would not consider the letter a threat of legal action. To determine whether a statement is plausibly a threat, courts apply an objective standard. This standard assesses whether the communication is deceptive and misleading in the eyes of a hypothetical unsophisticated consumer. *Jenkins*, 999 F. Supp. at 1136; *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). This hypothetical individual is "uninformed, naïve, or trusting" but also possesses "rudimentary knowledge about the financial world, [and is] wise enough to read collection notices with added care, [possesses] 'reasonable intelligence' and is capable of making basic logical deductions and inferences." *Gruber v. Creditors' Protection Service, Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). The Seventh Circuit has "cautioned that a district court must tread carefully . . . when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects."

4

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). Generally, the determination of whether an unsophisticated consumer would find a communication to be a threat of legal action is an issue of fact for the jury. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). Dismissal is appropriate only if it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Id.*

The language in the letter here could plausibly be read as a threat of legal action by an unsophisticated consumer. In relevant part, the letter states: "Our collectors have been instructed to proceed within state and federal regulations to attempt collection of this debt." R. 7-1 at 6. In *Cuenca v. Harris & Harris, Ltd.,* the court held that similar language stating that "[i]f this debt is not paid, our client(s) may exercise their various options to enforce collection," could plausibly be interpreted by an unsophisticated consumer to be a threat of potential litigation. 2017 WL 1196922, at *3 (N.D. Ill. Mar. 31, 2017). Here too, an unsophisticated consumer could plausibly interpret "proceed[ing] within state and federal regulations to attempt collection" to be a threat of potential litigation.

Lou Harris argues there is a substantive difference between "enforc[ing] collection" in *Cuenca* and "attempt[ing] collection" here. But the Court finds that to be a meaningless distinction—the letter still threatens collection action within state and federal regulations. *See Bandas v. United Recovery Serv., L.L.C.*, 2017 WL 5191844, at *4 (N.D. Ill. Nov. 8, 2017) (holding the threat of "further proceedings" is analogous to the threat of enforcement sufficient to state a claim under § 1692e).

5

Further, the cases on which Lou Harris relies in support of its argument that the letter does not threaten litigation are not analogous. In *Jenkins*, for example, the court held a collection letter did not threaten legal action because it did not indicate legal action was imminent—instead it was merely a "lawful reminder that litigation is a step available in the debt collection process, and detail[ed] some of the possible consequences of that step." 999 F. Supp. at 1129. The court noted that the letter's reference to litigation "lack[ed] imminence" because it phrased legal action in hypothetical terms such as "if legal action were taken" and "should such court action occur." The letter also specifically disavowed any current or imminent legal action, stating "[i]t is not my intention to threaten you about this matter," and explained that "the economic feasibility of some type of litigation by our client has not been determined."

Likewise in *Aker v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, 2014 WL 4815366 (N.D. Ill. Sept. 29, 2014), the collection letter stated: "[T]he above referenced matter has been placed with us for collection . . . At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." *Id*. at *1. The court held the letter did not contain a threat of litigation because there was "no reference whatsoever to courts, lawsuits, judgments, pleadings, damages, attorneys' fees, or any trappings of litigation," because the notice clearly states that no attorney had reviewed the particular circumstances of the account. *Id*. at *5.

6

Here, unlike in *Jenkins* and *Aker*, there are no phrases in the letter Sherrell received disavowing litigation or suggesting collection is not imminent. Instead, the letter affirmatively states that the debt collectors "have been instructed to proceed." R. 7-1 at 6. Lou Harris's arguments that the letter is merely an initial communication intended to provide options to Sherrell are similarly without merit. The letter does not provide any meaningful options to Sherrell. It directs her to "make the necessary arrangements for payment" or else Lou Harris would "proceed within state and federal regulation to attempt collection." *Id*. The only options available are whether to pay in person or by return mail. *Id*. The Court therefore concludes Sherrell has pleaded the first element of an FDCPA violation based on the letter from Lou Harris.

**2. Threat Not Intended to be Taken**

To plead a violation of the FDCPA, Sherrell also must adequately allege that Lou Harris did not intend to take the legal action threatened. The complaint states, in relevant part, that neither Lou Harris nor Total Rehab "sue consumers in Cook County," R. 7 ¶ 21, and as a result, Lou Harris's "threat was false, as it never intended to sue Sherrell over the alleged debt," *id*. at ¶ 22. In response, Lou Harris points to at least seven separate times Lou Harris or Total Rehab have sued consumers in Cook County since 1998. R.14 at 6; R. 21-1. These lawsuits indicate Lou Harris's threat was not false.[1]

---

[1] The Court may consider public records in ruling on a motion to dismiss. *Anderson v. Simon* 217 F.3d 472, 474-75 (7th Cir. 2007).

7

Regardless, even if Sherrell were correct that Lou Harris has not sued consumers in the past and did not intend to sue her now, her bare allegations are insufficient to plausibly infer intent. Simply because something has not happened in the past does not mean Lou Harris did not intend for it to happen here. *See, e.g., Duarte v. Gen. Revenue Corp.*, 2017 WL 5478300, at *2 (N.D. Ill. Nov. 15, 2017) (holding that a threat to change a debtor's balance was not false just because the creditor had never changed it before). The Seventh Circuit in *St. John v. Cach, LLC*, 822 F.3d 388 (7th Cir. 2016), held that similar allegations are not sufficient to plausibly state a claim under § 1692e(5). In *St. John*, the plaintiffs alleged that a debt collector who filed a collection lawsuit without intending to go to trial violated § 1692e(5), because it "threatened" to take an action—proceeding to trial—that it did not intend to take. *Id.* at 390. The plaintiffs' allegations of intent were based solely on the fact that the defendants moved to voluntarily dismiss the lawsuits before trial. *Id.* The Seventh Circuit held that defendant's motion to voluntarily dismiss did not plausibly suggest that the defendants had no intention of ever going to trial. *Id.* The court noted that there are many reasons a litigant eventually dismisses its own case. *Id.* Sherrell's allegations that Lou Harris did not intend to sue her similarly are based only on speculation—they are "not . . . well-pleaded factual allegation[s] supporting a plausible claim to relief." *Id.*[2] Because Sherrell's FDCPA claim as pleaded fails to state a claim for relief, it is dismissed without prejudice.

---

[2] Sherrell relies on an out-of-circuit case to support her argument that a letter threatening to take an action that the defendant has rarely taken can be deceptive under the FDCPA. R. 21 at 7 (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d

### B. ICAA (Count II)

Sherrell also alleges Lou Harris's collection letter violates the ICAA, which prohibits debt collectors from "[a]ttempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist." 225 ILCS 425/9(a)(24). Lou Harris argues Sherrell failed to plead actual damages as required to proceed with an ICAA claim. R. 7 at 6; *see, e.g.*, *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 940-41 (N.D. Ill. 2012) ("A plaintiff must plead actual damages to proceed with an ICAA claim.").[3]

Sherrell argues that actual damages can include compensation for mental suffering, citing *Pedersen v. Taylor Funeral Home*, 1997 WL 260383, at *3 (N.D. Ill. May 7, 1997). While that is technically true, emotional distress is "legally cognizable damage only where the distress is particularly severe." *Doe v. Northwestern University*, 682 N.E.2d 145, 150 (1997). A single collection letter and allegations of resulting "annoyance, aggravation, and other garden variety emotional distress," as alleged by Sherrell, are insufficient to meet that standard. *See, e.g., Bandas*, 2017 WL 5191844, at *4 (holding that alleged "anxiety" resulting from a single collection letter

---

Cir. 2006)). *Brown* held that an allegation that a collection agency does not "refer class members' alleged debts to their attorney for prosecution" sufficiently pled a lack of intent to follow through on a threat of litigation. *Id. Brown* was decided before the Supreme Court articulated the plausibility standard for federal pleadings in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and does not change this Court's conclusion.

[3] Sherrell focuses her response on whether the ICAA provides for a private right of action. R. 21 at 9. But that is not the issue with Sherrell's complaint—rather, she fails to plead actual damages as required by the ICAA.

seeking $94 was insufficient to plead damages under the ICAA). Sherrell's ICAA claim is dismissed.

**Conclusion**

For the foregoing reasons, defendant L&P Financial Adjustors Inc.'s motion to dismiss, R. 14, is granted without prejudice. If plaintiff Rosalie Sherrell believes she can cure the deficiencies identified in this opinion, she may file a motion for leave to file an amended complaint on or before August 29, 2018. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Defendant is not to file a response unless directed to do so by the Court.

ENTERED:

Dated: August 8, 2018

_____
Honorable Thomas M. Durkin
United States District Judge